Leonard C. Herr, # 081896
Rhea Ikemiya, #267136
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California  93291
Telephone:  (559) 636-0200

Attorneys for Plaintiff, MAAS ENERGY WORKS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MAAS ENERGY WORKS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DIGESTER DOC, LLC, an Idaho Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MAAS ENERGY WORKS, INC. ("Plaintiff"), files this complaint against Defendant, DIGESTER DOC, LLC ("Defendant") and DOES 1-10 and alleges as follows:

1. Plaintiff is a California corporation, with its principal place of business located in Redding, California.

2. Defendant, Digester Doc, LLC is a limited liability company organized and existing under Idaho law, whose principal place of business is located in Boise, Idaho.  Plaintiff is informed and believes, and thereon alleges, the members of Digester Doc, LLC are citizens of the state of Idaho.

3. Plaintiff does not presently know the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive. Plaintiff will seek

HERR PEDERSEN & BERGLUND, LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-1-

**COMPLAINT FOR DAMAGES**

leave of court to amend this complaint to allege said defendants' true names and capacities when they are ascertained.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

5. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to the claim occurred there. Furthermore, Plaintiff's damages were incurred in the Eastern District and a number of witnesses reside in this District.

6. Plaintiff is in the business of developing, building, and operating dairy digesters.  In or around 2019, Plaintiff entered into an agreement with a new client ("Client") for development of a different type of digester, for feedstock lagoons related to poultry rendering ("Project").  The Project was a $1.2 million project, from which Plaintiff stood to profit approximately thirty-five percent from initial development, plus ongoing operations.

7. A preliminary and important component of developing the Project was conducting laboratory testing to determine the biochemical methane potential ("BMP") of lagoon feedstocks.  Defendant holds itself out to be the largest BMP testing provider in the world, and does business throughout the United States, including in California.  In or around June 2019, Plaintiff contacted Defendant to inquire whether it had the necessary expertise to determine the BMP for the Project and for this specific feedstock. Defendant represented it had extensive experience conducting such tests.

8. Based on this representation, Plaintiff requested Defendant's advice and recommendation for the appropriate testing protocol, and asked Defendant to perform the BMP testing.

9. Defendant provided Plaintiff with instructions to collect and deliver samples to Defendant to perform the BMP testing.  Plaintiff followed Defendant's

HERR PEDERSEN
& BERGLUND, LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-
**COMPLAINT FOR DAMAGES**

1 instructions and provided the samples to Defendant, as directed. Shortly
2 thereafter, Defendant began processing the samples but experienced an
3 equipment failure and lost some of the data necessary to complete the testing for
4 Plaintiff.  Defendant proceeded to conduct the testing on the remaining data.
5 Defendant then provided Plaintiff with a report on the results. In some samples,
6 no results were available due to the equipment failure. However, in other samples
7 where data was not lost, the results showed no significant gas production was
8 achieved.

9     10. Defendant admitted that the testing it performed on the samples
10 were not appropriate to the type of sample material and the testing did not and
11 likely could not provide the information that Plaintiff had sought. Defendant
12 suggested a different procedure that would be effective in producing the biogas
13 production results sought by Plaintiff. Defendant later produced a quotation to
14 perform this work for Plaintiff at an additional cost.

15     11. Defendant's failure to provide the BMP results caused a substantial
16 delay with the Project, which was eventually cancelled.  Plaintiff's agreement and
17 relationship with Client regarding this project, was eventually terminated.

18     12. Defendant, who agreed to perform the BMP testing of Plaintiff's
19 samples and conducted the BMP testing, owed a duty of care to Plaintiff.
20 Defendant was aware of the Project and the unique nature of the substrate to be
21 tested, and knew Plaintiff needed the information to enable the Project to go
22 forward. Defendant owed a duty of care to Plaintiff because Plaintiff could
23 foreseeably be harmed by Defendant's conduct.

24     13. Defendant breached the duty of care owed to Plaintiff by losing a
25 portion of the data in performing the BMP testing, and by failing to conduct the
26 necessary testing to render the needed information Plaintiff had requested.
27 Defendant breached the duty of care owed to Plaintiff by advising and
28 recommending testing that was inappropriate for Plaintiff's needs. Defendant

HERR PEDERSEN
& BERGLUND, LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-
**COMPLAINT FOR DAMAGES**

breached the duty of care to Plaintiff by conducting the testing in a substandard manner, failing to exercise the degree of care that a reasonable testing lab would exercise. Defendant breached the duty of care owed to Plaintiff in other ways, which are presently unknown but will be proven at trial.

14. As a result of Defendant's negligent acts and omissions, the Project was cancelled, and Plaintiff's relationship with the Client was terminated. Plaintiff suffered monetary damages, and reputational harm. The actions and omissions of Defendant were the direct and proximate cause of Plaintiff's damages and injuries, and a substantial factor in causing damages to the Damages. The full extent of these damages is unknown at this time, but will be proven at time of trial.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff prays judgment against Defendants as follows:

1. For general damages in an amount to be proven at trial
2. For special damages in an amount to be proven at trial;
3. For interest at the legal rate;
4. For costs of suit incurred in this action; and
5. For other and further relief as determined by the court.

Dated: May ____, 2020          HERR PEDERSEN & BERGLUND LLP

By: /s/ Leonard C. Herr
LEONARD C. HERR
Attorney for Plaintiff,
MAAS ENERGY WORKS, INC.

HERR PEDERSEN
& BERGLUND, LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-
**COMPLAINT FOR DAMAGES**